Herbert, J.,
dissenting. The chief reason for dissenting in this case is that the per curiam opinion nowhere settles the question of what are the true journals as set forth in Section 101.61, Revised Code. It is not asserted that Section 1, Article XVT of the Ohio Constitution, is self-executing with respect to the entering of proposed constitutional amendments on the journals. The question, therefore, remains unanswered in the majority opinion as to the power of the House and Senate to state what shall be the true journals.
The enactment of Section 101.61 et seq., Revised Code, is, in *30 the opinion of the writer, well within the constitutional power of the Legislature, and if full recognition is given to the legislative determination of true journals, then the oral testimony taken in the trial court establishing the omission of the full text of the proposed constitutional amendment in the daily working journals was not only not necessary but incompetent in this case. The true journals, as defined by Section 101.61, Revised Code, were the attested journals delivered to the Secretary of State by the proper clerks and they are in accord with each other, containing the full text of the proposed amendment.
Peck, J., concurs in the foregoing dissenting opinion.